Gregory G. Barnett (GGB-3751)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY
a/s/o VITO MARRERO
and
THE STANDARD FIRE INSURANCE
COMPANY a/s/o ARNOLD MINTZ

        Plaintiffs

-against-

S/V GLASS SLIPPER *in rem* and DOMINICK
VISTOCCO *in personam*

        Defendant
-----------------------------------------------------------X



No.: 07 CV 11284

**COMPLAINT**

Judge Hellerstein

    The plaintiffs, by their attorneys, for its Complaint, allege upon information and belief, as follows:

**PARTIES**

    1.    At all material times, Ace American Insurance Company (ACE), was and is a corporation organized and existing by virtues of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor, New York, New York 10005 and was at all material times the insurer of Vito Marrero, owner of the M/V BRAVA.

    2.    At all material times, Vito Marrero was the owner of a 2002, 36 foot Beneteau, a recreational vessel, hull identification number and valid New York registration NY3913UZ.

3. At all material times, The Standard Fire Insurance Company, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at One Tower Square, Hartford, Connecticut 06156 and was at all material times the insurer of Arnold Mintz, owner of M/V VICTORY SAILING.

4. At all material times, Arnold Mintz was the owner of a 47 foot 2002 Beneteau sloop.

5. At all material times, Dominick Vistocco was the owner of a 1967, 26 foot sailboat, named S/V GLASS SLIPPER, hull identification number and valid New York registration NY6712FL.

## JURISDICTION

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

7. On or about April 20, 2006, while moored at Miniseongo Yacht Club in Stony Point, New York, a fire broke out on Dominick Victocco's sailboat S/V GLASS SLIPPER.

8. The fire spread and resulted in damages to several other boats, including but not limited to, Mr. Marrero's boat, M/V BRAVA, and the vessel of Arnold Mintz, M/V VICTORY SAILING.

9. The damages sustained to the M/V BRAVA and M/V VICTORY SAILING were not the result of any act or omission of the plaintiff but, to the contrary, was due solely as a result of the inattention, negligence, fault, neglect and gross negligence of the defendants.

## COUNT I
## ACE AMERICAN INSURANCE COMPANY v. DEFENDANT

10. The plaintiffs hereby incorporate by reference the allegations in paragraphs one through nine as if set forth at length herein.

11. At all times relevant hereto, a contract of insurance for property damage was in effect between Vito Marrero and ACE, which provided coverage for, among other things, loss of damage to the M/V BRAVA.

12. Pursuant to the aforementioned contract of insurance between Vito Marrero and ACE, monies have been and will be expended on behalf of Vito Marrero, to the detriment of ACE due to the fire.

13. Due to the fire, the M/V BRAVA sustained damages in the amount of $153,254.99.

14. As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, ACE has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of and against the defendant.

15. ACE brings this action on its behalf and as agent and/or trustee on behalf and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and ACE is entitled to maintain this action.

16. By reason of the foregoing, ACE has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $153,254.99.

17. As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, ACE has an equitable right of subrogation and is

subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of and against the defendants.

18. All and singular the matters alleged herein are true and correct. ACE reserves the right to amend and supplement this Complaint, as further facts become available.

**WHEREFORE**, the plaintiffs pray:

1. The Court order, adjudge and decree that defendants, Dominick Vistocco and the sailboat S/V GLASS SLIPPER, be found liable and pay to plaintiffs the losses sustained herein, together with pre-judgment and post-judgment interest thereon and their costs.

2. That this Court grant to plaintiffs such other and further relief as may be just and proper.

### COUNT II
### THE STANDARD FIRE INSURANCE COMPANY v. DEFENDANT

19. The plaintiffs hereby incorporate by reference the allegations in paragraphs one through eighteen as if set forth at length herein.

20. At all times relevant hereto, a contract of insurance for property damage was in effect between Arnold Mintz and The Standard Fire Insurance Company, which provided coverage for, among other things, loss of damage to the Victory sailing.

21. Pursuant to the aforementioned contract of insurance between Arnold Mintz and The Standard Fire Insurance Company, monies have been and will be expended on behalf of Arnold Mintz, to the detriment of The Standard Fire Insurance Company, due to the fire.

22. Due to the fire, the M/V VICTORY SAILING sustained damages in the amount of $330,001.22.

23. As The Standard Fire Insurance Company has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, The Standard Fire Insurance

Company has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of and against the defendant.

24. The Standard Fire Insurance Company brings this action on its behalf and as agent and/or trustee on behalf and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and The Standard Fire Insurance Company is entitled to maintain this action.

25. By reason of the foregoing, The Standard Fire Insurance Company has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $330,001.22.

26. All and singular the matters alleged herein are true and correct. The Standard Fire Insurance Company reserves the right to amend and supplement this Complaint, as further facts become available.

**WHEREFORE**, the plaintiffs pray:

1.  The Court order, adjudge and decree that defendants, Dominick Vistocco and the sailboat S/V GLASS SLIPPER be found liable and pay to plaintiffs the losses sustained herein, together with pre-judgment and post-judgment interest thereon and their costs.

2.  That this Court grant to plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
      December 13, 2007
      230-20

                                CASEY & BARNETT, LLC

                    BY: _____
                              Gregory G. Barnett (GGB-3751)
                              Attorney for ACE
                              317 Madison Avenue, 21st Floor
                              New York, NY 10017
                              (212) 286-0225

Of Counsel:  Daniel M. Brown
               Attorney for Standard Fire Insurance
               Francis R. Gartner & Associates
               10 Sentry Parkway, Suite 301
               Blue Bell, PA 19422
               (215) 274-1700